**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE COOPER,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, WARDEN,<br><br>Respondent. | Case No. 1:14-CV-00508-LJO-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S CLAIMS; DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY; DISMISS ANY PENDING MOTIONS AS MOOT; AND DIRECT CLERK TO TERMINATE THE ACTION.<br><br>(Doc. 1) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

**BACKGROUND**

Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of several offenses, including tampering with a witness by murder in violation of 18 U.S.C. §§ 2, 1111(a), 1512(a)(1)(A) & (C), 1512(a)(2)(A). Petitioner filed an appeal to the United States Court of Appeals for the Third Circuit. The Court of Appeals affirmed the trial court.

///

1

On September 1, 2010, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. The motion was denied on March 15, 2011.

Petitioner filed a petition for writ of habeas corpus in the United States District Court, Eastern District of California, which was denied on May 21, 2013.

Petitioner filed an application for a certificate of appealability in the United States Court of Appeals for the Third Circuit, which was denied on August 27, 2013.

Petitioner filed his second motion pursuant to 28 U.S.C. § 2255 on September 24, 2013 in the sentencing court.  The motion was denied on November 4, 2013.

Petitioner next filed an application for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Third Circuit, which was denied on February 18, 2014.

Petitioner filed the instant § 2241 petition for writ of habeas corpus on April 10, 2014.

## DISCUSSION

**I.     Screening the Petition**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Jeffries v. Wood,* 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all

2

grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass,* 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez,* 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; *see Herbst v. Cook,* 260 F.3d 1039, 1042–43 (9th Cir. 2001).

**II.     Jurisdiction**

In the instant petition, Petitioner contends that the United States Supreme Court's decisions in *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012), render the sentence for his conviction for tampering with a witness in violation of 28 U.S.C. §1512(a)(1)(C) unlawful.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988); *Thompson v. Smith,* 719 F.2d 938, 940 (8th Cir. 1983); *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, *only the sentencing court has jurisdiction. Tripati,* 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Grady v. United States,* 929 F.2d 468, 470 (9th Cir. 1991); *Tripati,* 843 F.2d at 1162; *see also United States v. Flores,* 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2d Cir. 1991); *Barden v. Keohane,* 921 F.2d 476, 478–79 (3d Cir. 1991); *United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir. 1994); *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir. 1991); *United States v. Hutchings,* 835 F.2d 185, 186–87 (8th Cir. 1987); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir. 1990).

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. *Id.; Aronson v. May,* 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); *Tripati,* 843 F.2d at 1162–63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); *Williams v. Heritage,* 250 F.2d 390 (9th Cir. 1957); *Hildebrandt v. Swope,* 229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore,

4

the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

Petitioner apparently contends that he has not had an unobstructed procedural shot at presenting his claim because the Third Circuit has rejected his application to file a successive § 2255 motion.

Under AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see *Harrison v. Ollison,* 519 F.3d 952, 955 (9th Cir. 2008).

Petitioner fails to meet either of these requirements. First, newly discovered evidence is not at issue in this case. Second, Petitioner does not cite to any cases, and the Court has found none, finding that the United States Supreme Court decisions, upon which Petitioner's claims are based, are "new rules" of constitutional law that are retroactively applicable. Petitioner's reliance on *Graham v. Florida* (invalidating life without parole for juvenile non-homicide offenders) and *Miller v. Alabama* (invalidating life without parole for juveniles who commit murder) is misplaced because Petitioner was over the age of 18 at the time he committed many of the predicate offenses leading to his convictions. Accordingly, it appears that Petitioner does not qualify to file a successive § 2255 motion.

In addition, Petitioner fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claims to the sentencing court. Indeed, the basis for Petitioner's claims in the instant action are the same as in his motion for a certificate of appealability filed in the United States Court of Appeals for the Third Circuit, which that Court denied on February 18, 2014.

The Third Circuit's determination that Petitioner failed to meet the statutory requirements for filing a successive § 2255 motion does not automatically render the remedy under § 2255 inadequate or ineffective. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence); *see also Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000) (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); *Moore,* 185 F.3d at 1055 (same); *Tripati,* 843 F.2d at 1162–63 (same); *see also United States v. Valdez–Pacheco,* 237 F.3d 1077 (9th Cir. 2001) (finding that procedural limits on filing a second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). Relief via § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." *Lorentsen,* 223 F.3d at 953.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 because his claims are not proper claims of "actual innocence." In *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. *Lorentsen,* 223 F.3d at 954.

Here, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying

6

prior convictions which subjected him to the challenged enhancements. However, under the savings clause, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. *See Ivy v. Pontesso,* 328 F.3d, 1057 1060 (9th Cir. 2003); *Lorentsen,* 223 F.3d at 954 (petitioner must allege that he is "'actually innocent' of the crime of conviction" to establish jurisdiction under § 2241); *Stephens,* 464 F.3d at 898–99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his claim, petitioner could not satisfy the actual innocence requirement as articulated in *Bousley* and, thus, failed to properly invoke the escape hatch exception of § 2255).

Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. The Court concludes that, even if Petitioner had successfully made such a demonstration, he has not satisfied the actual innocence requirement. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**III.     Certificate of Appealability**

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under section 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B); *Hohn v. United States,* 524 U.S. 236, 239–240, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998). Appeal from a proceeding that is normally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. *Porter v. Adams,* 244 F.3d 1006, 1007 (9th Cir. 2001).

As explained herein, in the instant petition Petitioner is raising claims attacking only the legality of his conviction, not the execution of his sentence.

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his ... part." *Miller–El,* 537 U.S. at 338.

In the present case, the Court concludes that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.

Accordingly, the Court will recommend declining to issue a certificate of appealability.

*//*

*//*

### IV.     Recommendation:

Based on the foregoing, it is **RECOMMENDED** that:

1. Petitioner Andre Cooper's petition (Doc. 1) be **DISMISSED**;

2. The Court **DECLINE** to issue a certificate of appealability;

3. Any other motions, if any, be **DISMISSED** as moot; and

4. The Clerk be **DIRECTED** to close this action because dismissal will terminate the proceeding in its entirety.

These findings and recommendations are submitted to the Hon. Lawrence J. O'Neill, United States District Court, assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **June 13, 2014**                           **/s/ Sandra M. Snyder**
                                                              UNITED STATES MAGISTRATE JUDGE